GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for Defendant

By:  Rimma Razhba (NJ Attorney ID: 003672005)
     Deputy Attorney General
     (609) 376-2960
     Rimma.Razhba@law.njoag.gov

     Ryan J. Silver (NJ Attorney ID: 278422018)
     Deputy Attorney General
     (609) 376-2960
     Ryan.Silver@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ERISA INDUSTRY COMMITTEE,<br><br>        Plaintiff,<br>    v.<br><br>ROBERT ASARO-ANGELO, in his official capacity as THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT,<br><br>        Defendant. | CIVIL ACTION<br><br>DOCKET NO.: 3:20-cv-10094<br><br>**DEFENDANT'S RULE 56(D) DECLARATION** |

I, Ryan J. Silver, DAG, declare as follows:

1. I am co-counsel for Defendant Robert Asaro-Angelo, in his official capacity as the Commissioner of the New Jersey

   Department of Labor and Workforce Development, in the above-captioned matter.

2. I am submitting this Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

3. Defendant maintains that Plaintiff's Motion for Summary Judgment should be denied because material facts are unavailable to Defendant because they are in the possession of Plaintiff and because no discovery has been conducted in this cause of action.  Further discovery is vital to Defendant's ability to make a meaningful response to Plaintiff's motion.

## BACKGROUND

4. On December 20, 2007, New Jersey enacted the Millville Dallas Airmotive Plant Job Loss Act ("NJ WARN Act"). P.L. 2007, ch. 212 (codified at N.J.S.A. § 34:21-1 to -7). This act is colloquially known as the NJ WARN Act after the related federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 to -09 ("WARN Act"). Like the federal WARN Act, the NJ WARN Act originally applied to employers with 100 or more full-time employees and required employers to provide certain employees 60 days' advance notice in the event of a covered event. N.J.S.A. § 34:21-2; cf. 29 U.S.C. §§ 2101(a), 2102(a).

5. On January 21, 2020, Governor Phil Murphy signed into law Senate Bill No. 3170 ("S.B. 3170"), which made certain amendments to the New Jersey WARN Act. On April 14, 2020, Governor Murphy signed a further amendment to the NJ WARN Act which postponed the effective date of S.B. 3170 until 90 days after the termination of Executive Order 103 ("EO 103"). P.L. 2020, c. 22 (Senate Bill No. 2352).

6. On August 6, 2020, Plaintiff filed this lawsuit seeking a declaration that ERISA preempts S.B. 3170, as well as injunctive relief to restrain future enforcement.

7. On October 26, 2020, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

8. On May 19, 2021, before this Court rendered a decision on Defendant's motion, Plaintiff filed its Motion for Summary Judgment.

9. On May 20, 2021, the Court issued an order and opinion denying Defendant's Motion to Dismiss.

10. On June 3, 2021, Defendant filed an Answer to Plaintiff's Complaint.

11. On June 4, 2021, Governor Murphy signed Executive Order 244 which terminated the public health emergency declared in Executive Order 103 pursuant to the Emergency Health Powers Act, N.J.S.A. § 26:13-1, et seq., but continued the state of emergency declared in Executive Order 103 pursuant to

N.J.S.A. App.A.:9-33 et seq. Thus, Executive Order 103 remains in effect and the 90-day period for the effective date of Senate Bill No. 3170 ("S.B. 3170") has not yet been triggered.

**GROUNDS FOR RELIEF**

12. This request is made pursuant to Rule 56(d) of the Federal Rules of Civil Procedure on the grounds that further discovery is vital to Defendant's ability to make a meaningful response to the Motion for Summary Judgment filed by Plaintiff.

13. Defendant proposes to make discovery as to the following issues:

    a. Records and testimony documenting what efforts Plaintiff was required to make to educate member companies on S.B. 3170 allegedly evidencing an injury-in-fact.

    b. Records and testimony documenting Plaintiff's day-to-day operations and how such normal operations differed from the actions taken to educate member companies on S.B. 3170, if at all.

    c. Records and testimony documenting what administrative schemes and procedures Plaintiff's member companies have in place, if at all, to comply with the current version of the NJ WARN Act, including, but not limited to, procedures to track employee terminations across facilities, procedures to provide notice to employees in

the event of a "mass layoff event," and procedures to calculate and pay severance to affected employees in the event of a "mass layoff event."

    d. Records and testimony documenting what steps may be necessary in order to update existing schemes and procedures to comply with the changes brought by S.B. 3170.

14. Defendant proposes to explore the issues identified by taking the following steps:

    a. Service of a brief set of interrogatories concerning Plaintiff's operations.

    b. Service of a brief set of interrogatories concerning the administrative schemes and procedures Plaintiff's member companies currently have in place to comply with the current version of the NJ WARN Act, and what changes may be necessary in order to comply with S.B. 3170.

    c. A request for production of documents concerning the issues identified above.

    d. The depositions of individuals with knowledge of the issues identified above.

15. Discovery of these facts is necessary to evaluate Plaintiff's Article III standing to bring this suit. Discovery of these facts is also necessary to review Plaintiff's claims and determine whether S.B. 3170 requires covered employers to

establish and maintain new administrative schemes or to materially alter existing schemes.

16. Defendant has been unable to complete this discovery in time to respond to Plaintiff's Motion for Summary Judgment because:
    a. The motion is premature in that no discovery has taken place to date.
    b. The initial Rule 26(f) discovery conference has not been set.
    c. No trial date, nor even any date for the disclosure of discovery has yet been set in this case, and no initial scheduling conference has been set.
    d. Plaintiff filed the motion before this Court rendered a decision on Defendant's Motion to Dismiss and before any other responsive pleadings were filed.
17. This request was made as soon as practicable in response to the Motion for Summary Judgment.
18. Given the preliminary state of the litigation, the requested relief will not prejudice any party to this action.
19. Defendant brings this request for relief in good faith that further discovery on these issues is likely to establish controverting evidence as to material facts contained in the Motion for Summary Judgment, and that the request for discovery is not made for purposes of delay.

```
                         Respectfully submitted,


                         GURBIR S. GREWAL
                         ATTORNEY GENERAL OF NEW JERSEY

                    By:    /s/Ryan J. Silver
                         Ryan J. Silver
                         Deputy Attorney General
```

DATED: July 6, 2021