NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ERISA INDUSTRY COMMITTEE, | |
| Plaintiff, | |
| v. | Civil Action No. 20-10094 (ZNQ)(TJB) |
| ROBERT ASARO-ANGELO, in his official capacity as THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT | OPINION |
| Defendants. | |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Plaintiff The ERISA Industry Committee ("Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("the Motion", ECF No. 16). Plaintiff filed a Memorandum of Law in Support of the Motion ("Moving Br.", ECF No. 16-2) and a Statement of Material Facts Not in Dispute ("Plf's SMFNID", ECF No. 16-1). Defendant Robert Asaro-Angelo filed a Brief in Opposition to the Motion ("Opp'n Br.", ECF No. 26), along with a Response to Plaintiff's Statement of Material Facts Not In Dispute and a Supplemental Statement of Material Facts (ECF No. 26-1). Defendant additionally filed a Rule 56(d) Declaration. ("56(d) Decl.", ECF No. 26-2.) Plaintiff filed a Reply. ("Reply Br.", ECF No. 27.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the

1

reasons set forth below, the Court will DENY Plaintiff's Motion for Summary Judgment WITHOUT PREJUDICE.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   A.  **THE PARTIES**

Plaintiff is a Washington, D.C. nonprofit trade association that "represents the interest[s] of employers with 10,000 or more employees that sponsor health, retirement, and other benefit plans governed by" the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). ("Compl." ¶¶ 8–9, ECF No. 1.) Plaintiff advocates and lobbies for its employer-members "to preserve ERISA's national uniformity, which protects employers and employees from disparate state and local regulations of health and retirement plans." (*Id.* ¶ 10.)

Defendant is the Commissioner of the New Jersey Department of Labor and Workforce Development. (*See generally Id.*)

   B.  **UNDISPUTED FACTS**

Plaintiff brings this action seeking a declaration that Senate Bill 3170 ("S3170") is preempted by the Employment Retirement Income Security Act of 1974. (*Id.* ¶ 1.)

The Court finds the following facts undisputed:

On January 21, 2020, Governor Philip Murphy ("Governor Murphy") signed into law S3170, amending the New Jersey WARN Act, codified as N.J.S.A. § 34:21-1 et seq ("the NJ WARN Act"). (Plf's SMFNID ¶ 1.)

Prior to the amendments, the NJ WARN act required employers with 100 or more full time employees to provide 60 days' notice to affected full-time employees in the event of a "mass layoff" or "transfer or termination of operations," and imposed certain penalties for failure to comply. (*Id.* ¶ 2.) Previously, employers covered under the NJ WARN Act were only required to

make payments to certain employees as a penalty if they failed to provide the required amount of notice of termination or layoff. (*Id.* ¶ 3.) Under the amended law, S3170, an employer conducting a "mass layoff" or a "transfer" or "termination" of operations must pay each affected employee one week of severance for each full year of his/her employment, even if the employer provides sufficient and timely notice. (*Id.*) Also under S3170, if the affected employee is entitled to severance under a collective bargaining agreement or for any other reason, the employer is required to pay either the statutorily mandated severance or the severance provided for such "other reason," whichever is greater. (*Id.* ¶ 4.)

Prior to the amendments, the term "mass layoff" was defined as the termination of employment within any 30-day period (or 90-day period within which two or more group terminations can potentially be aggregated) or either (1) 500 or more full-time employees at an establishment, or (2) 50 or more full-time employees comprising at least 33% of the full-time employees at an establishment. (*Id.* ¶ 5.) S3170, however, removes the 500-employee and 33% requirements and counts both employees "at" an establishment and employees "reporting to" an establishment. (*Id.* ¶ 6.) Thus, 50 or more qualifying terminations will trigger the notice and severance requirements regardless of what percentage of the workforce that may constitute. (*Id.*)

Further, prior to S3170, the term "establishment" was defined as either a single location operated for longer than three years or a group of contiguous such locations. (*Id.* ¶ 7.) S3170 removes "contiguous" from this definition, and considers all of an employer's facilities within New Jersey as one aggregate establishment. (*Id.*)

Additionally, prior to S3170, part-time employees were not counted when calculating whether a New Jersey WARN event had occurred. (*Id.* ¶ 8.) S3170 removes the distinction

3

between full-time and part-time employees. (*Id*. ¶ 9.) All employees, regardless of their hours or length of employment, now count toward NJ WARN trigger thresholds. (*Id*.)

S3170 furthermore covers all employers with 100 or more employees, regardless of how many are full-time or part-time. (*Id*. ¶ 10.)

S3170 additionally requires a 90-day notice requirement, rather than the previously required 60 days. (*Id*. ¶¶ 11, 12.) If the increased notice requirement is not met, employers must add four weeks' severance pay for each affected employee. (*Id*. ¶ 12.)

On March 9, 2020, Governor Murphy issued Executive Order 103, declaring a Public Health Emergency and a State of Emergency in response to the COVID-19 virus. (*Id*. ¶ 13.)

On April 14, 2020, Governor Murphy signed Senate Bill 2353, amending the definition of "mass layoff" under S3170 to exclude, among others, "a mass layoff made necessary because of a . . . national emergency." (*Id*. ¶ 16.)

### C.  PROCEDURAL HISTORY

On August 6, 2020, Plaintiff filed the instant lawsuit seeking declaratory and injunctive relief. (*See generally*, Compl.) On October 26, 2020, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) and 12(b)(1). (ECF No. 10.) Before the Court rendered a decision on Defendant's Motion to Dismiss, on May 19, 2021, Plaintiff filed the instant Motion for Summary Judgment. (ECF No. 16.) On May 20, 2021, the Court issued an Opinion and Order denying Defendant's Motion to Dismiss. (ECF Nos. 17, 18.)

On June 4, 2021, Governor Murphy signed Executive Order 244 terminating the public health emergency from the COVID-19 pandemic. Executive Order 244, however, did not

terminate the State of Emergency declared in Executive Order 103. As of the date Plaintiff filed the instant Motion, the 90-day period for the effective date of S3170 had not been triggered.[1]

### D. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331. "A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n. 14 (1983) (exercising jurisdiction over plaintiff's claims for both injunctive and declaratory relief).

## II. LEGAL STANDARD

### A. FED. R. CIV. P. 56(A)

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of

---

[1] On January 10, 2023, Governor Murphy signed Bill No. A4768 into law, making the effective date of S3170 April 10, 2023. (*See* ECF No. 32.)

material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id*. (quoting *Anderson*, 477 U.S. at 250).

"Unsupported allegations, subjective beliefs, or argument alone. . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue of material fact.'" *Id*. (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quotation marks omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

**B.     FED. R. CIV. P. 56(D)**

"It is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (internal citations and quotation marks omitted). Rule 56(d) allows a nonmoving party to oppose a premature motion in situations where the nonmoving party has not had an opportunity to make full discovery. *Levine v. Bank Alt LLC*, No. 18-6400, 2018 WL 6573477, at *3 (D.N.J. Sept. 25, 2018); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Under Rule 56(d), if a nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer or deny the motion, or allow additional time to take discovery. Fed. R. Civ. P. 56(d). A nonmoving party should (1) identify the alleged evidence, (2) how they would preclude summary judgment, and (3) why that party had not previously obtained such evidence. *Croker v. Applica Consumer Prod., Inc.*, Civ. No. 05-3054, 2006 WL 626425, at *3 (D.N.J. Mar. 10, 2006) (citing *Pastore v. Bell Tel. Co.,* 24

6

F.3d 508, 511 (3d Cir.1994)); see also *Dowling v. City of Philadelphia.*, 855 F.2d 136, 140–41 (3d Cir. 1988). "'Vague or general statements of what a party hopes to gain through a delay for discovery under…[Rule 56(d)] are insufficient.'" *Atlantic Deli & Grocery v. United States*, Civ. No. 10–4363, 2011 WL 2038758, at *3 (D.N.J. May 23, 2011) (citing *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987)).

The Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course" if the party opposing summary judgment filed an affidavit addressing the aforementioned three requirements with specificity, and particularly when detailed information necessary to the successful opposition to summary judgment, is in the sole possession of the moving party. *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984.)

### III. <u>DISCUSSION</u>

Here, Defendant submits a Rule 56(d) Declaration with his Opposition Brief. (*See* ECF No. 26-2.) According to the 56(d) Declaration, Defendant needs discovery to properly respond to Plaintiff's Motion. (56(d) Decl. ¶ 3.) Defendant indicates that discovery is needed to properly determine whether Plaintiff has standing to bring this lawsuit. (*Id.* ¶ 15.) The Court finds additional discovery is necessary for Defendants to properly respond to the Motion for the reasons that follow.

Defendant proposes to make discovery as to the following: (1) records and testimony documenting what efforts Plaintiff was required to make to educate member companies on S3170, (2) records and testimony documenting Plaintiff's day-to-day operations and how such normal operations differed from the actions taken to educate member companies on S3170, (3) records and testimony documenting what administrative schemes and procedures Plaintiff's member

7

companies have in place to comply with the current NJ WARN Act, and (4) records and testimony documenting what steps may be necessary to update Plaintiff's existing schemes and procedures to comply with the changes brought by S3170. (*Id*. ¶ 13.) Defendant maintains that he will explore the aforementioned discovery by way of interrogatories, requests for production, and depositions. (*Id*. ¶ 14.) Defendant articulates that he has been unable to complete this discovery in time to respond to the Motion because no discovery has taken place; the initial Rule 26(f) discovery conference, trial date, nor any date for the disclosure of discovery has been set; and Plaintiff filed the Motion before the Court rendered a decision on Defendant's Motion to Dismiss and before any other responsive pleadings were filed. (*Id*. ¶ 16.) Defendant contends that discovery on these issues is likely to establish controverting evidence as to material facts contained in Plaintiff's Motion for Summary Judgment. (*Id*. ¶ 19.)

In opposition to Defendant's 56(d) Declaration, Plaintiff first argues that Defendant's failure to request discovery at any point during the pendency of this case should preclude his request for discovery. (Reply Br. at 8.) Plaintiff asserts that Defendant's failure to serve any requests for discovery alone is grounds for denying his 56(d) request, citing to *Fenter v. Kraft Foods Glob.*, Civ. No. 11-4916, 2012 WL 5586327, at *4–5 (D.N.J. Nov. 14, 2012). (*Id*. at 9.) Defendant's counsel articulates, however, that his Rule 56(d) Declaration and request for discovery was made as soon as practicable in response to the Motion for Summary Judgment. (56(d) Decl. ¶ 17.) The Court agrees. Plaintiff filed the instant Motion for Summary Judgment prior to the Court deciding Defendant's Motion to Dismiss. (*Compare* ECF No. 16 to ECF No. 18.) Defendant thereafter filed his opposition to the Motion for Summary Judgment and a Rule 56(d) Declaration, both of which remain pending before the Court. (*See* ECF No. 26.) The Court therefore declines to reject Defendant's 56(d) Declaration on this ground.

8

The Court's decision in *Fenter*, 2012 WL 5586327, does not convince the Court otherwise. There, the plaintiff's 56(d) declaration was made after a discovery period of more than six months, including two extensions of time. *Fenter*, 2012 WL 5586327, at *4. The Court held that plaintiff's counsel failed to explain how the extensive discovery period resulted in an inadequate opportunity to uncover sufficient evidence to support his claim. *Id*. Here, the record reflects that parties have conducted no discovery whatsoever. Additionally, Defendant's counsel explicitly indicates why they have been unable to uncover the discovery necessary to respond to the Motion. (*See* 56(d) Decl. ¶ 16.) Accordingly, the Court rejects Plaintiff's argument that Defendant's 56(d) Declaration should be denied on the grounds that he failed to adequately explain why the discovery sought was not pursued prior to the Summary Judgment Motion.

Plaintiff next argues that discovery on whether it has standing is not necessary. (Reply Br. at 9.) Generally, to establish Article III standing, a plaintiff must "'(1) suffer[] an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) and that is likely to be redressed by a favorable judicial decision.'" *New Jersey Bankers Ass'n v. Att'y Gen. of N.J.*, 49 F. 4th 849, 855 (3d Cir. 2022) (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016)). "The party invoking federal jurisdiction bears the burden of establishing these elements, and, on summary judgment, the plaintiff cannot rely on mere allegations but must set forth by affidavit or other evidence specific facts demonstrating that these requirements have been met." *Freeman v. Corzine*, 629 F.3d 146, 153 (3d Cir. 2010).

The Court determined, in denying Defendant's Motion to Dismiss, that Plaintiff had sufficiently met the injury-in-fact requirement for standing at the pleading stage. (*See* ECF No. 17 at 11.) The Court indicated that "Plaintiff's allegations. . . that it has had to expend and divert resources to address the WARN Act amendments and its members on its ramifications sufficiently

9

demonstrate an injury-in-fact." (*Id.*) Plaintiff is required to, however, present more than mere allegations to satisfy the injury-in-fact requirement at the summary judgment stage. *Freeman*, 629 F.3d at 153. Indeed, to satisfy injury-in-fact, a plaintiff "*must* set forth by affidavit or other evidence specific facts for which for purposes of the summary judgment motion will be taken to be true." *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 175 (3d Cir. 2001) (citing Fed. R. Civ. P. 56(e)) (emphasis added).

Plaintiff submits a Declaration of Aliya Robinson ("Robinson"), the Senior Vice President, Retirement & Compensation Policy for Plaintiff ("Robinson Decl.", ECF No. 27-2), to its Reply Brief in an effort "to avoid further delay."[2] (Reply Br. at 10.) Robinson declared that she and other employees spent a significant amount of time, money, and resources to address the harm that would arise from the enforcement of S3170. (Robinson Decl. ¶¶ 6, 7.) Robinson additionally declares that Plaintiff has "incurred thousands in costs through the time, effort, and other resources that" she and her colleagues have spent on educating Plaintiff's members on S3170 and its potential impact. (*Id.* ¶ 8.) Plaintiff, however, submitted Robinson's Declaration after Defendant had filed his opposition brief and 56(d) Declaration. Defendant's 56(d) Declaration has since been pending before the Court; he has not been afforded any discovery to inquire into Robinson's Declaration.

Furthermore, Plaintiff indicates in its Reply Brief that they would have made Robinson available for deposition as to Plaintiff's "injury-in-fact". (*See* Reply Br. at n.5.) This concession further demonstrates to the Court that additional discovery is necessary to establish Plaintiff's standing.

---

[2] Plaintiff makes no mention of standing in its Moving Brief.

While the Court indicated that Plaintiff's allegations of expenditures and diversion of resources to address S3170 implications were sufficient at the motion to dismiss stage to establish standing, the Court finds here that Plaintiff has not met its burden at the summary judgment stage. Accordingly, the Court will DENY Plaintiff's Motion for Summary Judgment WITHOUT PREJUDICE.  The Court will grant Defendant's 56(d) request on the limited issue of Plaintiff's injury-in-fact to establish standing.  Parties will be permitted to conduct limited discovery to inquire into Robinson's Declaration and the allegations of injury set forth therein.[3]

### IV.     CONCLUSION

For the reasons stated above, the Court will DENY Defendant's Motion for Summary Judgment WITHOUT PREJUDICE and grant parties limited discovery as to the sole issue of injury-in-fact and the allegations set forth in Aliya Robinson's Declaration.  At the close of the discovery period, the Court will permit Plaintiff to renew its Motion for Summary Judgment if it so chooses.  An appropriate Order will follow.


Date: **February 16, 2022**

                                                  s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[3] The Court therefore does not address Plaintiff's argument that the information Defendant seeks regarding Plaintiff's members is irrelevant and privileged.  (*See* Reply Br. at 11.)  Because the Court only grants limited discovery on the allegations set forth in Robinson's Declaration, the Court finds this argument is not ripe at this stage.